Dear Mr. Childers:
In your correspondence to this office dated January 29, 1998, you ask us to advise you whether the chairman of the Louisiana State Board of Private Investigator Examiners may unilaterally remove a board member from serving as Complaint Investigatory Officer.
LSA-R.S. 37:3505 is pertinent to your inquiry and provides:
B. The board may:
 (1) Adopt and enforce such rules and regulations, bylaws, and rules of professional conduct as the board may deem necessary and proper to regulate private investigator businesses in the state of Louisiana, to provide for the efficient operation of the board, and otherwise to discharge its powers, duties, and functions under the provisions of this Chapter.
* * * * *
 (4) Issue subpoenas to require attendance and testimony and the production of documents, for the purpose of enforcing the laws relative to the private investigator industry and securing evidence of violations thereof. (Emphasis added).
The power to issue subpoenas and thereby also designate someone to be the board member in charge of same is vested in theboard, and not an individual. Thus, only the board is authorized to make decisions regarding the designation of a Complaint Investigatory Officer. The chairman of the board is without authority to act unilaterally in this matter.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Received: Date Released: February 17, 1998
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL